IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

BRANDEN CURTIS FREEMAN, *Appellant.*

No. 1 CA-CR 25-0444

FILED 07-02-2026

Appeal from the Superior Court in Yuma County
No. S1400CR202400389
The Honorable Claudia Maria Gonzalez-Jimenez, Judge

**DISMISSED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Michael J. Woodburn
*Counsel for Appellee*

Yuma County Public Defender's Office, Yuma
By Robert Trebilcock
*Counsel for Appellant*

**OPINION**

Presiding Judge Samuel A. Thumma delivered the opinion of the Court, in which Judge Andrew J. Becke and Judge Kent E. Cattani joined.

**T H U M M A**, Judge:

¶1        After Branden Freeman pled guilty, he was sentenced and ordered to pay restitution. Freeman now seeks to appeal from that restitution order. Because this court lacks appellate jurisdiction, the appeal is dismissed.

## FACTS AND PROCEDURAL HISTORY

¶2        In June 2024, Freeman pled guilty to fraudulent schemes and artifices, a Class 2 nondangerous, nonrepetitive felony offense, committed in Yuma County in November 2023. In the written plea agreement, Freeman agreed that he "transferred a total of $61,750.00 from" his employer's account to his own personal account. Freeman also agreed that "[r]estitution of economic loss to the victim . . . will be required." Freeman further agreed that he was waiving his appeal rights and that he "will have no right to direct appeal . . . and that the only available review is" by post-conviction relief proceedings. After a colloquy on the record, the court found Freeman knowingly, intelligently and voluntarily entered into the plea agreement and that it was supported by a factual basis. The court then accepted Freeman's guilty plea. *See* Ariz. R. Crim. P. 17.4 (2026).[1]

¶3        At the September 2024 sentencing, the court placed Freeman on probation and retained jurisdiction over restitution. After several continuances, the court held a restitution hearing in October 2025. After receiving evidence, the court found the victim carried its burden of proof and ordered Freeman to pay $49,839.71 in restitution. Freeman timely filed a notice of appeal from that restitution order.

## DISCUSSION

¶4        The State asserts that this court lacks appellate jurisdiction to consider the restitution order issued after Freeman pled guilty. The resolution of that argument turns on application of statutory provisions, given that this court's appellate jurisdiction "is defined, and limited, by the Legislature." *Brumett v. MGA Home Healthcare, L.L.C.*, 240 Ariz. 420, 426 ¶ 4 (App. 2016) (citations omitted); *accord* Ariz. Const. art. 6, § 9 ("The jurisdiction, powers, duties and composition of any intermediate appellate court shall be as provided by law."); *Yee v. Yee*, 251 Ariz. 71, 74 ¶ 8 (App.

---

[1] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

2021) (quoting *Brumett*); *State v. Bayardi*, 230 Ariz. 195, 197 ¶ 6 (App. 2012) ("Our appellate jurisdiction is purely statutory.") (citations omitted).

¶5        Since 1992, the Legislature has directed in A.R.S. § 13-4033(B) that, "[i]n noncapital cases a defendant may not appeal from a judgment or sentence that is entered pursuant to a plea agreement." *Accord* Ariz. R. Crim. P. 17.1(e) ("A defendant who pleads guilty . . . in a noncapital case waives the right to file a notice of appeal and to have an appellate court review the proceedings on a direct appeal."). In *Hoffman v. Chandler*, involving a plea agreement requiring "payment of restitution up to a capped amount," the Arizona Supreme Court held that A.R.S. § 13-4033(B) "bars a defendant from directly appealing a contested post-judgment restitution order," instead requiring such a challenge to be made in "post-conviction relief proceedings." 231 Ariz. 362, 363 ¶ 1, 366 ¶ 19 (2013); *see* Ariz. R. Crim. P. 33 (setting forth procedure for post-conviction relief proceedings after a guilty plea); Ariz. R. Crim. P. 17.1(e) (providing a "defendant who pleads guilty . . . may seek relief under Rule 33").

¶6        *Hoffman* rejected the argument that a pleading defendant could appeal a restitution order under A.R.S. § 13-4033(A)(3) as "[a]n order made after judgment affecting the substantial rights of the party." 231 Ariz. at 363, 365 ¶¶ 5, 16. "Subsection (A)(3) applies generally to all post-judgment orders affecting a defendant's substantial rights; subsection (B) provides an exception when such orders are entered pursuant to plea agreements. In other words, when subsection (B) applies, subsection (A) cannot be invoked to authorize a direct appeal." *Id.* at 365 ¶ 16 (citation omitted).

¶7        As Freeman argues, the plea agreement in *Hoffman* "contemplated payment of restitution up to a capped amount," 231 Ariz. at 363 ¶ 1, while Freeman's plea agreement does not contain an express restitution cap. But that argument is unavailing for three primary reasons.

¶8        *First*, in his plea agreement that the superior court accepted, Freeman waived his right to appeal. Freeman expressly agreed that he was waiving his appeal rights and that by pleading guilty, he "will have no right to direct appeal . . . and that the only available review is" by post-conviction relief proceeding. He also agreed that restitution "will be required." Thus, Freeman knowingly, intelligently and voluntarily waived his right to appeal from a restitution order both authorized and required by the plea agreement, and his only available forum to seek review of restitution is a Rule 33 post-conviction relief proceeding.

**¶9** *Second*, although not containing an express restitution cap, Freeman admitted in his plea agreement that he took $61,750.00 from his employer. The restitution order required Freeman to pay the victim $49,839.71, significantly less than what he admitted to taking in his plea. Thus, he cannot assert that the restitution amount awarded was not contemplated by the written plea agreement or that he lacked notice that such an amount might be awarded in restitution when he pled guilty.

**¶10** *Third*, Freeman incorrectly asserts that "*Hoffman* is no longer reliable law." Freeman cites *E.H. v. Slayton*, where the Arizona Supreme Court concluded that due process does not require plea agreements to contain restitution caps, and that capping restitution in a plea agreement, without victim consent, violates the victim's right to restitution. 249 Ariz. 248, 251-52 ¶ 1 (2020). In doing so, *E.H.* noted a defendant challenging a restitution order issued after pleading guilty "has the right to seek post-conviction review of that order." 249 Ariz. at 253 ¶ 12 (citing *Hoffman*). Thus, *E.H.* reaffirmed *Hoffman*. *Accord State v. Montijo*, 2 CA-CR 2023-0040, 2023 WL 6060558, at *1 ¶ 5 (Ariz. App. Sep. 18, 2023) (mem. decision) ("[A] pleading defendant must seek relief under Rule 33 even when challenging a restitution order not capped by the plea agreement.") (citing *E.H.*).[2]

## CONCLUSION

**¶11** Because this court lacks appellate jurisdiction over Freeman's putative appeal challenging a restitution award entered after he pled guilty, the appeal is dismissed.



**MATTHEW J. MARTIN • Clerk of the Court**
**FILED**:          JR

---

[2] Because Freeman may challenge the restitution order in post-conviction relief proceedings, the court rejects his alternative request that this court treat his putative appeal as a special action. *See* Ariz. R.P. Spec. Act. 11(e), 12(a).